## Buckwalter's Administrator v. Shirk.

*Guy K. Bard* and *M. G. Schaeffer*, for defendant.
*Joseph B. Wissler*, for plaintiff.

LANDIS, P. J.—On Dec. 16, 1925, D. W. Buckwalter made a promissory note to the order of The Pennsylvania Soap Company, as follows:

"$15,000.00                    "Lancaster, Pa., December 16, 1925.
"Thirty......days......after date I promise to pay to the order of Pennsylvania Soap Company—No. 97091—Due Jan. 15
at
The Lancaster Trust Company
Fifteen Thousand and 00/000...........................Dollars
without defalcation for value received.
                                                "D. W. BUCKWALTER.
"Endorsed:
     "PENNSYLVANIA SOAP CO.        E. H. MARTIN
     E. H. MARTIN, Pres.           J. WILLIAM BROWN
     J. WILLIAM BROWN, Treas.      MILTON E. SHIRK
                                   CALVIN F. HERR."

On or about its date, the Lancaster Trust Company discounted this note, and upon its maturity it was presented for payment, which was refused, and it was duly protested for non-payment. On Jan. 3, 1927, the plaintiff, as administrator of D. W. Buckwalter, paid the note, and it was transferred by the Lancaster Trust Company to him. He now alleges that his decedent was an accommodation maker of the note and can recover against the subsequent endorsers, of which the defendant is one.

It is provided by chapter 4, section 192, of the Act of May 16, 1901, P. L. 194, that "the person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same. All other persons are 'secondarily' liable," and by section 119, article VIII, chapter 1, that "a negotiable instrument is discharged (1) by payment in due course by, or on behalf of, the principal debtor; (2) by payment in due course by the party accommodated, where the instrument is made or accepted for accommodation; . . . (5) when the principal debtor becomes the holder of the instrument at or after maturity in his own right."

In Delaware County Trust, Safe Deposit and Title Ins. Co. *v.* Haser, 199 Pa. 17, it was held that "the rights and liabilities of accommodation makers of negotiable instruments are fixed by the position in which their names appear on the instrument, and where a note is executed by an accommodation maker, he assumes a primary liability and makes the indebtedness his own. . . . His position on the paper determines the character of his responsibility on the note to the holder," and that "one who signs a note as maker, although he does it merely for the accommodation of the payee or the endorser, thereby pledges himself in the situation of principal, and will not

be allowed to escape the consequences of his action by subsequently alleging that he was but a surety." See, also, Diffenbacher's Estate, 31 Pa. Superior Ct. 35.

Upon the face of the note there was a primary liability on the part of D. W. Buckwalter. He was bound to pay the full amount to the Lancaster Trust Company, who had become the *bona fide* holder of the note for value. When his administrator did so, all responsibility for it resting upon any of the intermediate parties was wiped out. The maker being first liable, and the endorsers being secondarily liable, the payment by the maker relieved the endorsers from responsibility for it. In 8 Corpus Juris, § 424, page 270, it is said: "Where the accommodation party is the acceptor of a bill of exchange, or the maker of a note, his right to be saved harmless after payment cannot be worked out by an action upon the instrument, since, in such case, payment by him extinguishes the security." If there are legal obligations resting upon any of the parties to the note to reimburse him, the action must be upon the promise and not upon the note.

Therefore, in our opinion, the plaintiff has no right to recover from the defendant the amount of this note, and we, for this reason, enter judgment in favor of the defendant. Judgment for defendant.

From George Ross Eshleman, Lancaster, Pa.